Edward S. Conway, J.
This is a motion by the plaintiffs for an order pursuant to CPLR 3212 granting plaintiffs summary judgment or, in the alternative, pursuant to CPLR 3001 granting plaintiffs declaratory relief and/or a preliminary injunction pursuant to CPLR 3017 (subd [b]) against defend *1013 ants enjoining defendants from further distribution to members of the Assembly or the Senate of the State of New York allowances for particular and additional services during the pendency of this action; and for restitution to the State of the public funds wrongfully paid to the Legislature in August, 1975 or, in the event that this motion is denied, an order setting the case down for an immediate trial.
It is the contention of the plaintiffs that on or about August 17, 1975 most of the members of the State Senate and Assembly received illegal compensation in addition to their salary and expenses in violation of section 6 of article III of the State Constitution. Plaintiffs contend that the defendant Arthur Levitt, the Comptroller of the State of New York, refused to make payment until he received a ruling from Attorney-General Lefkowitz in writing that the payments were constitutional.
It is the contention of the plaintiffs that although this present suit seeks only the return of all allowance payments made pursuant to the appropriations voted and approved July 9, 1975 (L 1975, ch 460), a favorable ruling in this case may permit these plaintiffs to seek to recover allowances previously wrongfully paid.
Plaintiffs contend that the members of the Senate and the Assembly are currently reimbursed for actual expenses incurred, including expenses incurred in traveling to and from Albany to participate in sessions of the Legislature, and per diem allowances while in Albany, and are reimbursed for other expenses actually incurred in connection with their official duties as legislators. The new allowances voted on July 11, 1975 and in part paid in August, 1975 are in addition to the salary each member of the Legislature receives and the expenses and allowances they are paid and are, in effect, a raise above the salary and expenses. Plaintiffs contend that these allowances have traditionally been unlawfully paid.
Plaintiffs contend that such payments were made and will be made as provided in the enactment of July 9, 1975 in violation of section 6 of article III of the State Constitution unless the relief herein requested by the plaintiffs is granted.
Section 6 of article III of the Constitution of the State of New York provides as follows:
"[Compensation and Travelling Expenses of Members.]
"Each member of the legislature shall receive for his ser *1014 vices a like annual salary, to be fixed by law. He shall also be reimbursed for his actual traveling expenses in going to and returning from the place in which the legislature meets, not more than once each week while the legislature is in session. Senators, when the senate alone is convened in extraordinary session, or when serving as members of the court for the trial of impeachments, and such members of the assembly, not exceeding nine in number, as shall be appointed managers of an impeachment, shall receive an additional per diem allowance, to be fixed by law. Any member, while serving as an officer of his house or in any other special capacity therein or directly connected therewith not hereinbefore in this section specified, may also be paid and receive, in addition, any allowance which may be fixed by law for the particular and additional services appertaining to or entailed by such office or special capacity. Neither the salary of any member nor any other allowance so fixed may be increased or diminished during, and with respect to, the term for which he shall have been elected, nor shall he be paid or receive any other extra compensation. The provisions of this section and laws enacted in compliance therewith shall govern and be exclusively controlling, according to their terms. Members shall continue to receive such salary and additional allowance as heretofore fixed and provided in this section, until changed by law pursuant to this section.” (Emphasis supplied.)
Defendants moved in a separate motion for an order dismissing the complaint herein as to defendant Mario Cuomo on the ground he has no powers or duties in the implementation of the statute and is not a proper party to this action. This motion was granted from the bench on the argument of the motions herein.
Defendants further moved for an order pursuant to CPLR 3211 (subd [a], par 8) as to defendants members of the Senate and Assembly on the ground that they were not served with the order to show cause, summons and complaint in this action and this court has no jurisdiction over them. This court granted a continuance to the plaintiffs for the purpose of making such service upon the members of the Senate and Assembly as plaintiffs saw fit. On the return date of the continuance, the argument on the motion was completed and the court was advised that the Attorney-General was authorized to appear for the individual members of the Senate and Assembly.
*1015 It is the contention of the defendants that section 6 of article III of the State Constitution provides for the compensation of members of the State Legislature including an annual salary for all legislators, payment of travel expenses and for an allowance to be paid to an officer of either House or to a member serving in a "special capacity” for the "particular and additional services” relative to the office or special capacity. Defendants further contend that such allowances are to be fixed by law and may not be increased or diminished during or with respect to the term for whiph the legislators receiving them have been elected.
Defendants further state that salary for legislators is provided for in section 5 of the Legislative Law but that allowances for officers or those serving in a special capacity are provided for in the annual appropriation acts.
Defendants further contend that the Legislative Law is a general law and its provisions remain in effect until amended or repealed and that appropriation acts have only annual duration. Appropriations not re-enacted in subsequent years cease to exist at the end of the fiscal year in which they were enacted. Defendants further contend that on January 1, 1975, when the members of the Legislature took office, there was statutory provision for their salaries for the new term; there was no provision for special allowances for the present term. Defendants further contend that the allowances fixed by chapter 460 of the Laws of 1975 fixed the allowances for the first time for this term. The initial fixing of allowances for a term of office is neither an increase nor a decrease. The allowances fixed by chapter 460 of the Laws of 1975 were fixed in accordance with the State Constitution.
With these contentions of the defendants this court cannot agree. It is the opinion of this court that such contentions are in direct violation of the State Constitution.
The Constitution regulated the salaries of the members of the Legislature until the 1948 amendment to the Constitution which authorized that salaries and allowances should "be fixed by law” and all subsequent amendments to the Constitution which increased the salaries of the Legislature restricted the effective date so that any increase in salaries would not be effective as to members of the Legislature who enacted the statute.
The last increase in salary, for example, chapter 386 of the Laws of 1973, amended section 5 of the Legislative Law to *1016 read as follows, effective on January 1, 1975: "§ 5. Compensation of members. Each member of the legislature shall receive a salary of twenty-three thousand five hundred dollars per annum and a per diem allowance of forty dollars for his actual and necessary expenses, incurred in the performance of his duties. Such per diem allowed shall be paid to members of the senate and members of the assembly on audit and warrant of the comptroller on vouchers approved by the temporary president of the senate or the speaker of the assembly, respectively. The salary of a member of the legislature shall be payable in twenty-six bi-weekly installments.”
The above amendment increasing salaries and ordering a new allowance of $40 per diem specifically provided for a deferral for two years.
"In lieu of’ appropriations for legislative leaders and other officers of the Legislature go back at least to the year 1921 and were increased through the years and made available to "officers” of each House or a member serving in any "special capacity” therein in the 1948 amendment to the Constitution. The first "in lieu of’ or "Lulu”, as it popularly became known, for all members of both Houses was enacted in chapter 281 of the Laws of 1954, as follows:
"the legislature
"the senate
"maintenance and operation
"In lieu of expenses, other than travel, one thousand dollars, less the amount already paid on account, payable to each member of the Senate for expenses incurred during the regular session of the Legislature in 1954, payable upon the adjournment of the Legislature....................51,000 00
"the assembly
"maintenance and operation
"In lieu of expenses, other than travel, one thousand dollars, less the amount already paid on account, payable to each member of the Assembly for expenses incurred during the regular session of the Legislature in 1954 payable upon the adjournment of the Legislature..................150,000 00”
These amounts were periodically increased until they reached $5,000 per annum as provided by chapter 992 of the *1017 Laws of 1974, and the appropriations were discontinued in chapter 460 of the Laws of 1975.
All the salaries and allowances for members of the Legislature are appropriated annually as required by the Constitution in sections 1 and 2 of article VII. The salaries have been fixed by section 5 of the Legislative Law and funds to implement that section are appropriated annually. In this court’s opinion, section 6 of article III of the State Constitution requires that allowances be treated no differently from salaries.
The Legislature itself has stated repeatedly that under the State Constitution neither the salary nor any other allowance can be altered during a term of office, and the public policy embodied in the Constitution prohibits a member of the Legislature from gaining any new or additional benefits, direct or indirect, during his current term of office.
Therefore, plaintiffs’ motions are granted.